IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SHYRNNA BROWN PRAYER**                                                    **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 4:23-cv-37-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**

## **ORDER**

Plaintiff filed her claim for disability on May 21, 2021. Tr. at 22. After being denied at the hearing level on October 4, 2022, Plaintiff appealed this claim to the Appeals Council. The Appeals Council entered on Order on December 21, 2022, affirming the decision of the ALJ, and Plaintiff appealed to Federal District Court.

Plaintiff has been a younger individual at all relevant times and has past relevant work as a line server. (TR 20). The ALJ found Plaintiff to have the following severe impairments: osteoarthritis/degenerative joint disease of the knees and obesity. And, he found that the plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb, kneel, crouch, and crawl.

On appeal, the plaintiff argues that the RFC is not supported by "substantial evidence" meaning that there is "conspicuous absence of credible choices" supporting the ALJ's physical assessment of Plaintiff's RFC. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (citing *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973); *Payne v. Weinberger*, 480 F.2d 1006 (5th Cir. 1973)).

In support of her argument, Plaintiff cites the following medical entries:

- May 19, 2021: She reports over the last one month increasing pain in bilateral knees. She states she really has trouble standing for any length of time. She has pain on a daily basis, pain at rest, pain at night. X- ray of bilateral knees AP and lateral standing views show severe DJD, varus collapse, and bone on bone arthritis. PLAN: Today, injection of both knees with Cortisone 4+4+1 (mixture of 4 cc. of 1% Lidocaine, 4 cc. of 1/4% Marcaine and 1 cc of Celestone). Return here in six weeks for Monovisc. We also discussed with her arthroplasty considerations. Tr. at 309.

- May 19, 2021: X-rays of bilateral knees; x-ray of bilateral knees AP and lateral standing views show severe DJD, varus collapse, and *bone on bone arthritis*. *[emphasis added]*. Tr. at 310.

- June 29, 2021: Brief History: Recheck bilateral knees. See our note from 5/19. We injected the knees with Cortisone for *severe DJD, varus collapse*. She returns today for Monovisc. She states the Cortisone really was only very short term beneficial. PLAN: Today, injection of both knees with Monovisc. This was accomplished without difficulty. If she fails to respond positively, then[n] *consider arthroplasty*… *[emphasis added]*. Tr. at 308.

- September 24, 2021: Impression: The right knee has medial joint space narrowing consistent with osteoarthritis versus medial meniscal tear. Dense joint effusion. Tricompartment osteophyte is. If symptoms continue, recommend right knee MRI scan. Left knee has *severe* medial joint space narrowing consistent with meniscal tear versus osteoarthritis. Dense joint effusion. If symptoms continue, recommend left knee MRI. Tr. at 312.

- October 6, 2021: Summary: This lady is severely obese with degenerative knee joint disease bilaterally. She thinks bilateral knee replacements are in the future and had limited, painful motion today. Her blood pressure is currently untreated and elevated. Vision was impaired and uncorrected. Tr. at 314.

- November 3, 2021: Brief history: We saw her back in June with bilateral knee arthritis, severe, varus collapse. We injected both knees with Monovisc. The knees have worn off. She states symptomatically the right is equal to the left…Plan: Today, injection of both knees with Cortisone 4+4+1 (mixture of 4 cc of 1% Lidocaine, 4 cc. of ¼% Marcaine and 1 cc. of Celestone). Discussed with her arthroplasty considerations. Return PRN. Tr. at 323.

In my view, were these all of the medical records reviewed and relied on by the ALJ, Plaintiff might have a persuasive argument, but the reality is that the plaintiff has simply ignored significant medical evidence and rationale articulated by the ALJ in support of the assigned RFC. For example, while the ALJ acknowledged objective studies confirming the presence of osteoarthritis/degenerative joint disease of the knees; that claimant is obese; and that Dr. Bennett's exam notes from a May 2021 exam do indicate some knee pain, issues with varus knees, and antalgic gait, the ALJ carefully explained that subsequent exams do not reflect the same kind of limitation following treatment with injection therapy. The ALJ also pointed out that Dr. Adams observed during his October 2021 consultive exam that though the plaintiff had some limited flexion in both knees, she walked with a normal gait and used no assistive device. He further explained that a subsequent exam at Greenwood Orthopedic in November 2021 did not include specific observations of gait abnormality or significant limitation in knee function. Nor,

he noted, had Plaintiff sought recent treatment and took only over the counter medication. In addition to Dr. Adams's consultive exam finding, the ALJ also found persuasive State Agency Medical Consultant Lisa Venkataraman, M.D.'s conclusion in an October 22, 2021, physical RFC assessment that the plaintiff can engage in light work and that she can only occasionally kneel, crouch, crawl, and climb ladders, ropes, scaffolds, ramps, and stairs. And, the ALJ pointed out that State Agency Medical Consultant Andrew Scanameo, M.D. concurred with Dr. Venkataraman's opinion in a January 10, 2022, Medical Evaluation Form.

In short, there is substantial evidence to support the assigned RFC and the court will not re-weigh the evidence nor, in the event of evidentiary conflict or uncertainty, substitute its judgment for the Commissioner's, even if the court believes the evidence might preponderate against the Commissioner's decision. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). Responsibility for fact-finding in any disability case resides with the ALJ, whose findings are subject to judicial review only to check for compliance with law and the support of substantial evidence (more than a mere scintilla but less than a preponderance). *Biestek*, 139 S. Ct. at 1154.

In conclusion I find that the ALJ's decision is supported by substantial evidence and there has been no showing of prejudicial error. For the reasons stated above, the ALJ's October 4, 2022, decision is affirmed.

SO ORDERED, this the 29th day of September 2023.

/s/ Jane M. Virden_____
**UNITED STATES MAGISTRATE JUDGE**